## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 17-11015 |
| FLYGLO, L.L.C | : | SECTION "B" |
| DEBTOR | : | CHAPTER 7 |

| | | |
|---|---|---|
| DAVID V. ADLER, TRUSTEE | : | |
| PLAINTIFF | : | ADVERSARY NO._ |
| V. | : | |
| CORPORATE FLIGHT MANAGEMENT, INC. | : | |
| AIR CARRIER MANAGEMENT COMPANY, LLC | : | |
| DEFENDANTS | : | |

## **COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes David V. Adler, Trustee ("Trustee" or "Plaintiff") who respectfully represents:

### **Jurisdiction, Venue, and Parties**

1. FlyGLO, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on April 23, 2017 ("Petition Date"). The case was converted to a Chapter 7 case on September 1, 2017.

2. Trustee is the duly appointed trustee of the bankruptcy estate of the above-named Debtor and is now acting as such trustee.

3. Made Defendants herein are the following:

   a. CORPORATE FLIGHT MANAGEMENT, INC., foreign corporation authorized to do and doing business in Louisiana; and

b. AIR CARRIER MANAGEMENT COMPANY, LLC, a foreign limited liability company authorized to do and doing business in Louisiana;

(Collectively sometimes referred to herein as "Defendants.")

4. Defendants are subject to the personal jurisdiction of this Court under Federal Rule of Bankruptcy Procedure ("FRBP") 7004(b)(3), 7004(d), and 7004(f).

5. This adversary proceeding arises under Title 11 of the United States Code and arises out of and relates to the Chapter 7 case of the Debtor, Case Number 17-11015, now pending in this Court.

6. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2). This proceeding has been brought in accordance with FRBP 7001 and 7004.

## Count I- 11 U.S.C. §547

7. The Trustee repeats and re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

8. Within 90 days of the Petition Date (the "Preference Period"), the Debtor made transfers to or for the benefit of one or more of the Defendants, totaling at least $448,275 ("Transfers"). Upon information and belief, the Transfers were for the payment of an antecedent debt owed based upon services that one or more of the Defendants provided to the Debtor.

9. The Transfers were made at a time when the Debtor was insolvent as evidenced by, among other things, the Debtor's business records, tax returns, bankruptcy schedules, proofs of claim filed in this case, and other filings in this case. The Trustee is also entitled to the presumption of insolvency for transfers made during the Preference Period pursuant to 11 U.S.C. § 547(f).

10. The Transfers were a transfer of property of the Debtor to or for the benefit of one or more of the Defendants, whom were creditors of the Debtor at the time of the Transfers. The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by the Debtor to Defendants. The Transfers enabled Defendants to receive more than they would have received under Chapter 7 of the Bankruptcy Code had the Transfers not been made, and had Defendants received payment of such debt to the extent provided under the provisions of the Bankruptcy Code. As evidenced by the Debtor's schedules filed in the underlying Bankruptcy Case as well as the proofs of claim that have been received to date, the Debtor's liabilities exceed its assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtor's bankruptcy estate.

11. In accordance with the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

### Count II -- 11 U.S.C. § 548(a)(1)(B))

12. The Trustee repeats and re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

13. Subject to proof, Plaintiff pleads in the alternative that to the extent one or more of the Transfers were not on account of an antecedent debt, the Debtor did not receive reasonably equivalent value in exchange for such transfers, and the Debtor was insolvent on the date that the transfers were made or became insolvent as a result of the transfers.

14. The Transfers are alternatively avoidable pursuant to 11 U.S.C. §548(a)(1)(B).

### Count III - 11 U.S.C. §550

15. The Trustee repeats and re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

16. The Trustee is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b), or alternatively, to the extent one or more of the transfers were not on account of an antecedent debt, pursuant to 11 U.S.C. § 548(a)(1)(B).

17. One or more of the Defendants were the initial transferees of the Transfers, the entities for whose benefit such Transfers were made, and/or the immediate or mediate transferees of the Transfers.

18. Pursuant to 11 U.S.C. § 550(a), The Trustee is entitled to recover from one or more of the Defendants the Transfers plus interest thereon from the date of the Transfers to the date of payment and the costs of this action.

### Count IV- 11 U.S.C. §542

19. The Trustee repeats and re-alleges all prior paragraphs of this Complaint as if fully set forth herein.

20. According to the Debtor's Schedules and records, one or more of the Defendants is currently in possession of a $100,000 deposit ("Deposit") that constitutes Debtor's funds.

21. The Deposit constitutes estate property under 11 U.S.C. §541(a).

22. Section 542(a) of the Bankruptcy Code provides that an entity in possession of property of the estate "shall" deliver such property to the trustee. This affirmative duty to surrender estate property is mandatory, arising upon the filing of the bankruptcy petition, and an entity's knowing retention of estate property and refusal to cooperate with the Trustee and turn over such property constitutes a violation of the automatic stay pursuant to §362(a) of the

4

Bankruptcy Code. The Trustee can recover actual damages, including costs and attorney fees, and in appropriate circumstances, punitive damages, pursuant to § 362(k), § 105, and/or the Court's inherent powers to assess sanctions for contempt. *In re Knauss*, 889 F.2d at 773; In re Del Mission, Ltd., 98 F.3d at 1152-53; *In re U.S. Abatement Corp.*, 150 B.R. 381, 388 (E.D. La. 1993).

23. At all relevant times herein, Defendants were aware of the pendency of the bankruptcy case, yet failed to turn over the Deposit to the Trustee. Defendants' actions demonstrate a willful violation of the automatic stay. Consequently, the Trustee is entitled to recover the Deposit, and any other actual damages, including costs and attorneys' fees, and punitive damages pursuant to § 362(k) or the Court's other powers to sanction violations of the stay.

**Reservation of Rights**

24. The Trustee reserves his right to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) any additional transfers, (iii) modifications of and/or revision to Defendants' names, (iv) additional Defendants, and/or (v) additional causes of action (e.g., but not exclusively, 11 U.S.C. § 542, § 544, § 545, § 547, § 548 and § 549) (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the filing of this original Complaint.

**WHEREFORE**, the Trustee prays that this Court render judgment against Defendants as follows:

    a. Avoiding the Transfers pursuant to 11 U.S.C. §547 and/or 548;

    b. Awarding the property transferred or value of the property transferred from Defendants as the initial transferees of the Transfers, the entities for whose

  benefit such Transfers were made, and/or the immediate or mediate transferees of the Transfers pursuant to 11 U.S.C. §550;

c. Awarding pre-judgment interest at the maximum legal rate running from the date of the Transfers to the date of judgment herein;

d. Ordering Defendants to pay and turn over to the Trustee the principal amount of $100,000 representing the amount of the Deposit pursuant to 11 U.S.C. §§ 542, 362, and all other applicable provisions of the Bankruptcy Code;

e. Awarding any and all damages proven at the trial of this matter against Defendants, including but not limited to actual damages, including costs and attorney fees, and punitive damages, pursuant to § 362(k), § 105, and/or the Court's inherent powers to assess sanctions for contempt as a result of its exercise of control over property of the estate;

f. Awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus all costs of this action;

g. Requiring Defendants to pay forthwith the judgment amount awarded in favor of the Trustee;

h. Awarding the Trustee the costs of this action; and

i. Granting the Trustee such other and further relief as the Court deems just and proper.

          Respectfully submitted,

          CHAFFE McCALL, LLP
          2300 Energy Centre
          1100 Poydras Street
          New Orleans, Louisiana 70163-2300
          Telephone: (504) 585-7000

          By: /s/ *Fernand L. Laudumiey, IV*
            David J. Messina, #18341
            Fernand L. Laudumiey, IV, #24518

**Please Issue Summons To:**

1. **CORPORATE FLIGHT MANAGEMENT, INC.**
   Attn: James Allen Howell,
   276 Doug Warpoole Rd
   Smyrna, TN 37167-5677

2. **AIR CARRIER MANAGEMENT COMPANY, LLC**
   Attn: Kelly Ginn
   276 Doug Warpoole Rd
   Smyrna, TN 37167-5677